VORYS, SATER, SEYMOUR AND PEASE LLP
Jocelyn M. Hoffman (SBN 332297)
jmhoffman@vorys.com
2211 Michelson Drive, Suite 500
Irvine, CA 92612
Telephone: (949) 526-7903
Facsimile: (949) 526-7903

Attorneys for Defendant
SIX FLAGS ENTERTAINMENT CORPORATION, d/b/a WWW.KNOTTS.COM

**UNITED STATES DISTRICT COURT FOR THE**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| REBEKA RODRIGUEZ,<br><br>Plaintiff,<br><br>vs.<br><br>SIX FLAGS ENTERTAINMENT CORPORATION, a Delaware corporation, d/b/a WWW.KNOTTS.COM,<br><br>Defendant. | Case No.: 2:25-CV-06661-DMG-AGR<br><br>Assigned to Hon. Dolly M. Gee<br><br>**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>**Date: October 31, 2025**<br>**Time: 9:30 a.m.**<br>**Courtroom: 8C**<br><br>Date Action Filed: July 22, 2025<br>Date Action Served: August 20, 2025 |

## I. INTRODUCTION

Ms. Rodriguez's response to Six Flags' motion to dismiss (the "Response") only highlights the fatal flaws in the Amended Complaint. The contentions advanced in the Response cannot avoid the reality that this self-described "tester" plaintiff's casual online browsing of a website does not give rise to plausible causes of action in this Court.

As a threshold matter, the Response fails to establish that Ms. Rodriguez suffered an actual injury-in-fact – an essential requirement for Article III standing. The Response instead contends that a "tester" plaintiff can, in theory, have standing to sue. The Response's hypothetical conjecture falls well short of the requirement that Ms. Rodriguez suffer an injury-in-fact to proceed. The Amended Complaint should be dismissed for this reason alone.

The Response also fails to establish that the Amended Complaint plausibly pleads a cognizable claim and relies on the wrong statute of limitations. Consequently, the Amended Complaint should be dismissed for failure to state a claim as well.

## II. LAW AND ARGUMENT

The Amended Complaint fails to allege facts sufficient to show that Ms. Rodriguez suffered a concrete and particularized injury-in-fact. Nor does it state a claim. Each failure is fatal. The Amended Complaint should therefore be dismissed.

### A. This Court Lacks Subject Matter Jurisdiction Because the Amended Complaint Fails to Allege an Injury-In-Fact.

The Response conflates Six Flags' arguments, expending pages on Ms. Rodriguez's standing as a "tester" plaintiff. (Resp., ECF No. 18, PageID # 176–80.) But this Court's lack of subject matter jurisdiction pertains to the Amended Complaint's failure to allege injury – not Ms. Rodriguez's status as a "tester" plaintiff. (Mot. to Dismiss, ECF No. 16, PageID # 140–43.) The Response fails to explain how Ms. Rodriguez suffered a concrete and particularized injury-in-fact.

While the Response rests Ms. Rodriguez's standing on her alleged status as a "tester," that purported status is insufficient to confer Article III standing. "To establish

injury in fact, a plaintiff must show that he or she suffered an 'invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)). Ms. Rodriguez's allegations fail to demonstrate an actual concrete injury. (Mot. to Dismiss, ECF No. 16, PageID #140–43.)

In arguing against *Rodriguez v. Autotrader.com, Inc.*, 2025 U.S. Dist. LEXIS 70074 (C.D. Cal. Apr. 4, 2025), the Response claims that the court in *Autotrader.com* "failed to recognize that invasion of privacy and civil rights claims both implicate harm to a dignitary interest." (Resp., ECF No. 18, PageID # 178.) While dignitary harm may be relevant in some contexts, in the context of privacy interests in online tracking cases, a plaintiff must allege far more than mere casual "browsing" to satisfy an injury-in-fact; rather, to be actionable, the alleged tracking entails "cradle-to-grave profiles" of "an individual's likes, dislikes, interests, and habits *over a significant amount of time* . . . ." *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 598–99 (9th Cir. 2020) (emphasis added). The Amended Complaint contains no such allegations that implicate such "cradle-to-grave" tracking. (*See generally* Am. Compl., ECF No. 14.)

Moreover, the Response's reliance on *Friddle v. Epstein*, 16 Cal. App. 4th 1649 (1993), is misplaced. That case did not hold that an injury in fact is implicit whenever a privacy claim is alleged. *See id.* at 1659–60. Rather, *Friddle* recognized that once a plaintiff proves an actual invasion of privacy, emotional or dignitary harm may be presumed for purposes of statutory compensatory damages. *Id.*

As explained in the Motion to Dismiss, the Amended Complaint lacks factual allegations identifying what sensitive, personal information of Ms. Rodriguez's was purportedly collected that would give rise to Article III standing over her online browsing activity. (Mot. to Dismiss, ECF No. 16, PageID # 176–80.) Because the Amended Complaint lacks allegations of injury-in-fact, a defect that the Response's silence only underscores, this Court should dismiss the Amended Complaint for lack

of Article III standing.

### B. The Amended Complaint Fails to Plead Cognizable Claims and Should Be Dismissed.

The Amended Complaint also fails to plead a cognizable claim upon which relief can be granted. The Amended Complaint should be dismissed for this separate reason.

#### 1. The Response Concedes that the Amended Complaint Lacks Factual Allegations Supporting a Federal Wiretap Claim.

The Amended Complaint lacks allegations that the contents of a communication were intercepted; thus, it fails to state a claim under the Federal Wiretap Act, 18 U.S.C. § 2511. (Mot. to Dismiss, ECF No. 16, PageID # 144–45.) The Response ignores Six Flags' arguments and instead cites inapposite cases concerning descriptive URLs. (Resp., ECF No. 18, PageID # 190–91.) For example, *Brown v. Google LLC*, cited by the Response, "contain[s] significantly more information" than basic URL. 685 F. Supp. 3d 909, 937 (N.D. Cal. 2023). The *Brown* court found that the descriptive URLs collected by Google included "communication that the user was searching for updates on Russia's war against Ukraine," going beyond simple record information. *Id.* at 935–36.

But here, the Amended Complaint only alleges record information such as HTTP requests and URLs visited that are not actionable as contents of a communication under the Federal Wiretap Act. (Mot. to Dismiss, ECF No. 16, PageID # 145.) The Amended Complaint lacks allegations about what information Knott's Website collected beyond basic record information about Ms. Rodriguez's interaction with the website. (*See generally* Am. Compl., ECF No. 14.) The Response concedes as much by failing to point to any allegation in the Amended Complaint demonstrating that Ms. Rodriguez's "descriptive" or "full-string details URL[s]" were intercepted. (*See* Resp., ECF No. 18, PageID # 190–91.) Because the Amended Complaint lacks any allegations about the contents of communications intercepted, Count I should be dismissed.

**2. The Amended Complaint Fails to Properly Plead Cognizable Privacy Claims.**

The Amended Complaint lacks factual allegations to support its claims for invasion of privacy and intrusion upon seclusion. (Mot. to Dismiss, ECF No. 16, PageID # 145–47.) In arguing the contrary, the Response would have this Court rule that basic record information such as an IP address – in and of itself – involves sensitive, personal information warranting privacy protection. (Resp., ECF No. 18, PageID # 181–82.) But internet users have no expectation of privacy in IP addresses "voluntarily turned over in order to direct the third party's servers." *United States v. Forrester*, 512 F.3d 500, 510 (9th Cir. 2008).

Without more, the Amended Complaint lacks factual allegations to support a reasonable expectation of privacy because courts routinely require more than a simple IP address to give rise to a cognizable claim. And the Response's cited cases demonstrate as much. *See, e.g.*, *In re Google RTB Consumer Privacy Litig.*, 606 F. Supp. 3d 935, 946–47 (N.D. Cal. 2022) (allegations that Google sold "plaintiff's IP address, geo-location data, and web-browsing information, search terms, and sensitive websites that plaintiffs visited relating to race, religion, sexual orientation, and health[]"); *Brown v. Google LLC*, 525 F. Supp. 3d 1049, 1077 (allegations of data collection from greater than "70% of all online publishers (websites)" of "cradle-to-grave" user profiles while users were in private browsing mode); *Gabrielli v. Haleon US Inc.*, No. 25-cv-02555-WHO, 2025 U.S. Dist. LEXIS 169503, at *19 (N.D. Cal. Aug. 29, 2025) (allegations about data collected in healthcare websites where "information users[] input . . . is likely more sensitive"). The allegations here fail to identify any of Ms. Rodriguez's sensitive personal information being collected. (*See generally* Am. Compl., ECF No. 14.)

The Response also fails to rebut Six Flags' arguments that disclosure of record information is not offensive, much less highly offensive. (*Compare* Mot. to Dismiss, ECF No. 16, PageID # 145–47 *with* Resp., ECF No. 18, PageID # 184–86.) Instead, the Response relies on vague contentions about Ms. Rodriguez's "personal information"

without pointing to any allegations in the Amended Complaint that would illuminate what that personal information entails. (*Id.*) Counts II and III should therefore be dismissed.

**3. The Response Concedes That the Amended Complaint Fails to Plead a Violation of California Penal Code § 631(a).**

As a threshold matter, all CIPA claims related to Ms. Rodriguez's May 2024 Knott's Website interactions should be ignored because such claims fall outside the statute of limitations. (Mot. to Dismiss, ECF No. 16, PageID # 147.) The Response argues that Six Flags failed to meet its burden by citing only California Code of Civil Procedure Section 340, which imposes a one-year statute of limitations, and no case law. (Resp., ECF No. 18, PageID # 186.) But Six Flags' reliance on the statute itself is sufficient – Section 340 plainly governs. Cal. Civ. Proc. Code § 340. The Response incorrectly relies on *Hart v. TWC Product and Technology LLC*, 526 F. Supp. 3d 592 (N.D. Cal. 2021). (Resp., ECF No. 18, PageID # 186.) *Hart* addressed whether a one- or two-year limitations period applied to a constitutional privacy claim, not a statutory CIPA claim. 526 F. Supp. 3d at 598 ("The parties dispute whether a one- or two-year statute of limitations governs Plaintiffs' California *constitutional privacy claim*.") (emphasis added). That is not the issue here.

Likewise, the Response cites *Mireskandari v. Daily Mail & General Trust PLC*, No. CV 12-02943 MMM (SSx), 2013 U.S. Dist. LEXIS 202523 (C.D. Cal. Oct. 8, 2013), to suggest that Section 335.1's two-year limitations period applies to CIPA claims. (Resp., ECF No. 18, PageID # 186.) But *Mireskandari* found that "Plaintiff's . . . claim for violation of the CIPA[] is governed by a one-year statute of limitations." 2013 U.S. Dist. LEXIS 202523, at *37. In addition, Plaintiffs' own cited authority, *Gabrielli v. Haleon US Inc.*, 2025 U.S. Dist. LEXIS 169503, at *24 (N.D. Cal. Aug. 29, 2025), recognizes that "CIPA has a one-year statute of limitations that begins to run on the date of collection." In short, cases cited in the Response support Six Flags' statute of limitations argument. The Court should therefore ignore allegations concerning Ms. Rodriguez's May 2024 Knott's Website interactions as they fall outside

the statute of limitations for CIPA claims.

Regardless of the statute of limitations, the Amended Complaint also fails to plead a Section 631(a) violation because none of its three clauses apply. (Mot. to Dismiss, ECF No. 16, PageID # 147–49.) The first clause applies specifically to telegraphs and telephones, which are inapplicable. (*Id.* at 148.) The second applies only to interception of the contents of communication in transit without consent. (*Id.*) Because the Amended Complaint lacks allegations that contents of communication were intercepted in transit and Six Flags was a party to the communication, the second clause does not apply. (*Id.* at 148.) The third clause pertains to use of information obtained through a violation of the first or second clauses, which does not apply here given the inapplicability of the first two clauses. (*Id.* at 148–49.) Also, Section 631(a)'s aiding and abetting provision does not apply. (*Id.* at 149.) The Response merely states that Section 631(a) lacks an abetting standard but makes no attempt to explain how Section 631(a)'s three clauses apply to the Knott's Website. (Resp., ECF No. 18, PageID # 191.) Count IV should therefore be dismissed.

**4. The Amended Complaint Fails to Plead a Violation of California Penal Code § 638.51.**

A Section 638.51 CIPA claim is irreconcilable with a claim under the Federal Wiretap Act and/or CIPA's Section 631(a) because Section 638.51 applies only to identifying information and not the contents of a communication. (Mot. to Dismiss, ECF No. 16, PageID # 149.) A "'trap and trace device' means a device that captures the incoming electronic . . . information reasonably likely to identify the source of a wire or electronic communication, ***but not the contents of a communication***." Cal. Pen. Code § 638.50(c). The Response ignores this clear definition. (Resp., ECF No. 18, PageID # 190.) And its proposed interpretation would render the definition superfluous. *See United States v. Butler*, 297 U.S. 1, 65 (1936) ("These words cannot be meaningless, else they would not have been used."). The Court should therefore, at most, read Count V as a claim plead in the alternative.

Regardless, the Amended Complaint lacks allegations to support its Section 638.51 claim because the statutory scheme makes clear that Section 638.51 applies only to telephones. (Mot. to Dismiss, ECF No. 16, PageID # 150–52.) The Response cites various inapposite cases to argue the contrary without any explanation. (Resp., ECF No. 18, PageID # 186–87.) However, the cited cases concern mostly pen registers.[1] The Amended Complaint concerns alleged trap and trace devices on the Knott's Website. (*E.g.*, Am. Compl., ECF No. 14, ¶ 161.) The distinction matters because the statute recognizes differing definitions and requirements for each. (*Compare* Cal. Penal Code § 638.50(b) (pen registers record outgoing dialing or signal) *with id.* § 638.50(c) (trap and trace devices record incoming dialing or signal).) For example, requirements for obtaining authorization for use differ between a pen register and a trap and trace device. *See, e.g.*, § 638.52(b) (trap and trace includes geographical limit not required for a pen register).

When the cited cases do mention alleged trap and trace devices, none fully discusses or analyzes the statutory scheme or legislative history indicating its narrow application to telephone technology. *Conohan v. Rad Power Bikes, Inc.* and *Rodriguez v. Autotrader.com, Inc.* lack any textual discussions on Section 638.52, which includes references to telephone number and telephone line. *See* No. CV 25-0106 PVC, 2025 U.S. Dist. LEXIS 72865, at *16–17 (C.D. Cal. Apr. 3, 2025); 762 F. Supp. 3d 921, 929 (C.D. Cal. 2025). Meanwhile, *Moody v. C2 Educ. Systems, Inc.*, 742 F. Supp. 3d 1072, 1076 (C.D. Cal. 2024) simply focuses on the definition found in Section 638.50 to suggest an expansive view and mentions but ignores Section 638.52's text. Nor do these cases

---

[1] *See Haleon US Inc.*, 2025 U.S. Dist. LEXIS 169503, at *31 (N.D. Cal. Aug. 29, 2025); *In re Meta Pixel Tax Filing Cases*, No. 22-cv-07557-PCP, 2025 U.S. Dist. LEXIS 152615, at *10 (N.D. Cal. Aug. 6, 2025); *Riganian v. LiveRamp Holdings, Inc.*, No. 25-cv-00824-JST, 2025 U.S. Dist. LEXIS 138122, at *34 (N.D. Cal. July 18, 2025); *Gabrielli v. Motorola Mobility LLC*, No. 24-cv-09533-JST, 2025 U.S. Dist. LEXIS 133836, at *30 (N.D. Cal. July 14, 2025); *Lesh v. Cable News Network, Inc.*, 767 F. Supp. 3d 33, 39 (S.D.N.Y. 2025); *Zarif v. Hwareh.com, Inc.*, No. 23-cv-0565-BAS-DEB, 2025 U.S. Dist. LEXIS 26519, at *30 (S.D. Cal. Feb. 12, 2025); *Mirmalek v. L.A. Times Comms.* LLC, 24-cv-01797-CRB, 2024 U.S. Dist. LEXIS 227378, at *6 (N.D. Cal. Dec. 12, 2024); *Shah v. Fandom, Inc.*, 754 F. Supp. 3d 924, 928 (N.D. Cal. 2024); *Greenley v. Kochava, Inc.*, 684 F. Supp. 3d 1024, 1050 (S.D. Cal. 2023).

address the statute's legislative history and updates that have continued to maintain references to telephone technology and ignored textually expanding the statute's application to websites. (Mot. to Dismiss, ECF No. 16, PageID # 150–52.)

Curiously, the Response also cites *Heiting v. FKA Distrib. Co. LLC*, No. 2:24-cv-07314-HDV-AGR, 2025 U.S. Dist. LEXIS 93360, at *6–7 (C.D. Cal. May 15, 2025), which discusses personal jurisdiction and Article III standing – but does not discuss Section 638.51. (Resp., ECF No. 18, PageID # 187.) The Response also incorrectly relies upon *Greenley v. Kochava, Inc.*, 684 F. Supp. 3d 1024 (S.D. Cal. 2023), to argue that Plaintiff's alleged website spyware "qualifies as 'device or process' within the meaning of subdivision (c) of section 638.50 of the Penal Code . . . ." (Resp., ECF No. 18, PageID # 188.) *Greenley* is a pen register case, not a trap and trace case. This is also true of *Mirmalek* and *Lesh*. Plaintiff's argument continues to ignore the plain language of the statute, that "content of the communication" provides the context for the statute, demonstrating that alleged software in Knott's Website is not a device or process within the meaning of California Penal Code Section 638.50(c).

Because the Response fails to address Six Flags' arguments in its motion to dismiss regarding Section 638.51, Count V should be dismissed.

**5. The Response Concedes That the Amended Complaint Fails to Properly Plead a Common Law Fraud Claim with Particularity**

The Amended Complaint fails to plead all elements of common law fraud with the requisite particularity. (Mot. to Dismiss, ECF No. 16, PageID # 153–54.) The Response makes no attempt to directly respond to Six Flags' arguments. (*See* Resp., ECF No. 18, PageID # 191.) Count VI should therefore be dismissed.

**6. The Response Concedes That the Amended Complaint Fails to State a Cognizable Unjust Enrichment Claim**

The Amended Complaint neither alleges any nonspeculative "economic benefit" Ms. Rodriguez provided to Six Flags nor explains how Six Flags monetized Ms. Rodriguez's data or information at her expense; the Amended Complaint therefore

fails to plausibly allege an unjust enrichment claim. (Mot. to Dismiss, ECF No. 16, PageID # 154–55.) The Response makes no attempt to directly respond to Six Flags' arguments. (*See* Resp., ECF No. 18, PageID # 191.) Count VII should therefore be dismissed.

**C. Even If Ms. Rodriguez Pled a Cognizable Claim, the Case Should be Transferred Under the Terms of Use Plaintiff Relies Upon in the Amended Complaint**

The Amended Complaint incorporates the Knott's Website's terms by reference, requiring this action to be litigated in the Northern District of Ohio. (*See* Mot. to Dismiss, ECF No. 16, PageID # 155.) "[F]orum selection clauses are 'prima facie valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances." *Cairo, Inc. v. Crossmedia Servs.*, No. C 04-04825, 2005 U.S. Dist. LEXIS 8450, *10 (N.D. Cal. Apr. 1, 2005) (citing *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972)). The Response does not deny that the privacy policy – which the Amended Complaint relies upon extensively – incorporates the Knott's Website's terms of use, including the forum selection clause. (*E.g.*, Am. Compl., ECF No. 14, ¶¶ 15, 29–33.) Ms. Rodriguez's reliance on the privacy policy demonstrates that she has actual knowledge of the terms of use, since the privacy policy clearly states it is incorporated into those terms. (Mot. to Dismiss, ECF No. 16, PageID # 155–57.)

In addition, even if actual knowledge were disputed, Ms. Rodriguez also had inquiry notice of the terms of use because the incorporation language was prominently displayed in the privacy policy she reviewed and relied upon. (*Id.*) Inquiry notice is enough to enforce a website's terms of use when "(1) the website provides reasonably conspicuous notice of the terms to which the consumer will be bound[,] and (2) the consumer takes some action . . . that unambiguously manifests his or her assent to those terms." *Berman v. Freedom Fin. Network, LLC*, 30 F.4th 849, 856 (9th Cir. 2022).

The Knott's Website provided reasonably conspicuous notice of the terms of use.

(Mot. to Dismiss, ECF No. 16, PageID # 155–57.) The very page that the Amended Complaint relies on – the privacy policy – clearly and conspicuously states: "This Privacy Policy is incorporated into, and is part of, our Terms of Use available at www.knotts.com/legal which govern your access to the Site and your use of the Site and/or services." Knott's Berry Farm, Privacy Policy, https://www.knotts.com/legal/privacy-policy (last accessed Oct. 17, 2025).

Second, Ms. Rodriguez took action manifesting her assent to the terms of use. (Mot. to Dismiss, ECF No. 16, PageID # 155–57.) By expressly referencing and relying on the privacy policy in the Amended Complaint, Ms. Rodriguez has unambiguously accepted the terms governing her relationship with the Knott's Website, including the incorporated terms of use and its forum selection clause. (*Id.*)

In short, the Response cannot have it both ways, wherein Ms. Rodriguez relies on certain website terms, but then ignores other terms, including the forum selection clause. Fairness dictates that the forum selection clause be enforced. *See Berman v. Freedom Fin. Network, LLC*, 30 F.4th 849, 856 (9th Cir. 2022) (explaining that the rules determining whether the contractual terms of online agreements are enforceable developed out of fairness).

## III. CONCLUSION

Six Flags respectfully requests this Court grant its Motion to Dismiss.

DATED: October 17, 2025 VORYS, SATER, SEYMOUR AND PEASE LLP

By: */s/ Jocelyn M. Hoffman*
Jocelyn M. Hoffman
Attorneys for Defendant
SIX FLAGS ENTERTAINMENT CORPORATION, a Delaware corporation, d/b/a WWW.KNOTTS.COM

**CERTIFICATE OF COMPLIANCE**

On October 17, 2025, the undersigned, counsel of record for Six Flags Entertainment Corporation, certifies that this brief contains 3,217 words, which complies with the word limit of L.R. 11-6.1.

*/s/ Jocelyn M. Hoffman*
Jocelyn M. Hoffman

**CERTIFICATE OF SERVICE**

I hereby certify that on October 17, 2025, I electronically filed the foregoing with the Clerk of the U.S. District Court, for the Central District of California using the CM/ECF system. All participants are registered CM/ECF users, and will be served by the CM/ECF system.

*/s/ Jocelyn M. Hoffman*
Jocelyn M. Hoffman